Appearances: CT Page 865
For the Petitioner:
 ELTON R. WILLIAMS, ESQUIRE 31 Pratt Street Meriden, CT 06450
For the Respondent:
 STEVEN R. STROM, ASSISTANT ATTORNEY GENERAL
 Office of The Attorney General MacKenzie Hall 110 Sherman Street Hartford, CT 06105
SCHEINBLUM, STATE TRIAL JUDGE.
THE COURT: — The Court has had occasion to ponder this motion to dismiss for lack of subject matter jurisdiction for several days. The Court has read Mr. Williams memorandum submitted to the Court this morning and is not persuaded by it.
The Petitioner has filed a petition for a writ of habeas corpus claiming that the rules regarding supervised home release are being applied in an arbitrary and capricious manner. Specifically he alleges that the rules for ineligibility are being waived in some cases and not in others without any constitutionally justified reason for doing so.
The Respondent has filed a motion to dismiss the petition claiming the Court lacks jurisdiction. The Warden claims that preclusion from participation in a supervised home release program is not within the subject matter jurisdiction of the habeas court. In Smith vs. Liburdi, 26 Conn. App., 254 at page 259, a 1991 decision, that case cites the following language embodied in Wheway vs. Warden, 215 Connecticut, 418 at page 431, a 1990 decision, supporting the proposition that SHR considerations are "beyond the province of the court". The language is as follows: "Prison Classifications. An eligibility for CT Page 866 various rehabilitation programs wherein prison officials have full discretion. To control those conditions of confinement sufficient to invoke due process."
"This Court has previously determined that SHR is merely a program which allows convicted individuals to serve a portion of their sentences outside the walls of the prison or jail. It does not rise even to the status of parole or probation." And the Court rendered that remark in Guida vs. Commissioner, CV88-543, J.D. Tolland, January 11th, 1991.
In Vincenzo vs. Warden at 26 Conn. App. 132, 1991, our Appellate Court determined that no liberty interest was implicated by the Petitioner's claim that his continued confinement was illegal because his application for parole had been denied under the rules of the Parole Board that did not conform to the Uniform Administrative Procedure Acts. The Court stated that it lacked subject matter jurisdiction. The Petitioner's claim in Vincenzo did not constitute a "cognizable claim of illegal detention that gives the habeas court jurisdiction over the subject matter". Vincenzo at 134.
Inasmuch as the Court previously determined that SHR enjoys a lesser status than parole, the Petitioner's claims in the instant case are likewise beyond the competency of this Court to exercise power. Accordingly, the petition is dismissed.
HOWARD SCHEINBLUM, STATE TRIAL JUDGE.